UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

U.S. DISTRICT COURT
FILED AT WHEELING, WV

JUN 0 2 2009

NORTHERN DISTRICT OF WV
OFFICE OF THE CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| Plaintiff, | Criminal No. | 5:09CR21 |
| v. | Violations: | 18 U.S.C. § 2 |
| | | 21 U.S.C. § 841(a)(1) |
| DESMOND A. THOMAS a/k/a "B,", | | 21 U.S.C. § 841(b)(1)(A) |
| FNU LNU a/k/a "NEPHEW," | | 21 U.S.C. § 841(b)(1)(B) |
| FNU LNU a/k/a "DEE," | | 21 U.S.C. § 841(b)(1)(C) |
| FNU LNU a/k/a "SLIM," | | 21 U.S.C. § 843(b) |
| WILLIAM A. WILEY, III, | | 21 U.S.C. § 846 |
| MICHAEL CASSANOVA DYSON, | | 21 U.S.C. § 860 |
| Defendants. | | 21 U.S.C. § 853 |

## SUPERSEDING INDICTMENT

The Grand Jury charges:

### COUNT ONE

(Conspiracy to Distribute Fifty (50) or More Grams of Cocaine Base)

From in or about January of 2009, to on or about the return of this Indictment, at or near

Wheeling, Ohio County, West Virginia, within the Northern Judicial District of West Virginia, and

elsewhere, defendants **DESMOND A. THOMAS a/k/a "B", FNU LNU a/k/a "NEPHEW," FNU**

**LNU a/k/a "DEE," FNU LNU a/k/a "SLIM", WILLIAM A. WILEY, III** and **MICHAEL**

**CASSANOVA DYSON** did knowingly and willfully combine, conspire, confederate and agree and

have a tacit understanding with other persons known and unknown to the Grand Jury, to commit an

offense against the United States, to wit: to violate Title 21, United States Code, Section 841(a)(1).

It was a purpose and object of the conspiracy knowingly, and intentionally to possess with intent to

distribute and to distribute fifty (50) or more grams of cocaine base, a Schedule II controlled

substance, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A).

## COUNT TWO

(Aiding and Abetting in the Distribution of Cocaine Base
within 1,000 Feet of a Protected Location)

On or about January 10, 2009, at or near Wheeling, Ohio County, within the Northern

Judicial District of West Virginia, defendant **MICHAEL CASSANOVA DYSON** and a person

known to the grand jury, aided and abetted by each other, did unlawfully, knowingly, intentionally

and without authority distribute, within 1,000 feet of the real property comprising a public housing

facility, to wit: Riverview Towers, a quantity of cocaine base, to a person known to the Grand Jury,

in exchange for $100 in United States currency; in violation of Title 21, United States Code, Sections

841(a)(1), (b)(1)(C) and 860 and Title 18, United States Code, Section 2.

## COUNT THREE

(Use of a Telephone to Facilitate the Distribution of Cocaine Base)

On or about February 20, 2009, at or near Wheeling, Ohio County, West Virginia, within the Northern Judicial District of West Virginia defendant **FNU LNU a/k/a "DEE"** did unlawfully, knowingly and intentionally use a communication facility, that is the public telephone system in committing, causing and facilitating the commission of felonies under Title 21, United States Code, Sections 841(a)(1) and 846, that is the distribution of cocaine base and the conspiracy to distribute cocaine base, a Schedule II controlled substance; in violation of Title 21, United States Code, Section 843(b).

## COUNT FOUR

(Distribution of Cocaine Base within 1,000 Feet of a Protected Location)

On or about February 20, 2009, at or near Wheeling, Ohio County, within the Northern Judicial District of West Virginia, defendant **FNU LNU a/k/a "DEE"** did unlawfully, knowingly, intentionally and without authority distribute, within 1,000 feet of the real property comprising a public housing facility, to wit: Riverview Towers, a quantity of cocaine base, to a person known to the Grand Jury, in exchange for $100 in United States currency; in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C) and 860.

## COUNT FIVE

(Use of a Telephone to Facilitate the Distribution of Cocaine Base)

On or about February 25, 2009, at or near Wheeling, Ohio County, West Virginia, within the Northern Judicial District of West Virginia defendant **FNU LNU a/k/a "DEE"** did unlawfully, knowingly and intentionally use a communication facility, that is the public telephone system in committing, causing and facilitating the commission of felonies under Title 21, United States Code, Sections 841(a)(1) and 846, that is the distribution of cocaine base and the conspiracy to distribute cocaine base, a Schedule II controlled substance; in violation of Title 21, United States Code, Section 843(b).

## COUNT SIX

(Distribution of Cocaine Base within 1,000 Feet of a Protected Location)

On or about February 25, 2009, at or near Wheeling, Ohio County, within the Northern Judicial District of West Virginia, defendant **FNU LNU a/k/a "DEE"** did unlawfully, knowingly, intentionally and without authority distribute, within 1,000 feet of the real property comprising a public housing facility, to wit: Riverview Towers, a quantity of cocaine base, to a person known to the Grand Jury, in exchange for $100 in United States currency; in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C) and 860.

## COUNT SEVEN

(Use of a Telephone to Facilitate the Distribution of Cocaine Base)

On or about February 25, 2009, at or near Wheeling, Ohio County, West Virginia, within the Northern Judicial District of West Virginia defendant **FNU LNU a/k/a "SLIM"** did unlawfully, knowingly and intentionally use a communication facility, that is the public telephone system in committing, causing and facilitating the commission of felonies under Title 21, United States Code, Sections 841(a)(1) and 846, that is the distribution of cocaine base and the conspiracy to distribute cocaine base, a Schedule II controlled substance; in violation of Title 21, United States Code, Section 843(b).

## COUNT EIGHT

(Distribution of Cocaine Base within 1,000 Feet of a Protected Location)

On or about February 25, 2009, at or near Wheeling, Ohio County, within the Northern Judicial District of West Virginia, defendant **FNU LNU a/k/a "SLIM"** did unlawfully, knowingly, intentionally and without authority distribute, within 1,000 feet of the real property comprising a public elementary school, to wit: Woodsdale Elementary, a quantity of cocaine base, to a person known to the Grand Jury, in exchange for $100 in United States currency; in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C) and 860.

## COUNT NINE

(Distribution of Cocaine Base within 1,000 Feet of a Protected Location)

On or about February 26, 2009, at or near Wheeling, Ohio County, within the Northern Judicial District of West Virginia, defendant **FNU LNU a/k/a "SLIM"** did unlawfully, knowingly, intentionally and without authority distribute, within 1,000 feet of the real property comprising a public elementary school, to wit: Woodsdale Elementary, a quantity of cocaine base, to a person known to the Grand Jury, in exchange for $100 in United States currency; in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C) and 860.

## COUNT TEN

(Use of a Telephone to Facilitate the Distribution of Cocaine Base)

On or about February 26, 2009, at or near Wheeling, Ohio County, West Virginia, within the Northern Judicial District of West Virginia defendant **FNU LNU a/k/a "DEE"** did unlawfully, knowingly and intentionally use a communication facility, that is the public telephone system in committing, causing and facilitating the commission of felonies under Title 21, United States Code, Sections 841(a)(1) and 846, that is the distribution of cocaine base and the conspiracy to distribute cocaine base, a Schedule II controlled substance; in violation of Title 21, United States Code, Section 843(b).

## COUNT ELEVEN

(Aiding and Abetting in the Distribution of Cocaine Base
within 1,000 Feet of a Protected Location)

On or about February 26, 2009, at or near Wheeling, Ohio County, within the Northern

Judicial District of West Virginia, defendants **FNU LNU a/k/a "NEPHEW"** and **FNU LNU a/k/a**

**"DEE"**, aided and abetted by each other, did unlawfully, knowingly, intentionally and without

authority distribute, within 1,000 feet of the real property comprising a public housing facility, to

wit: Riverview Towers, a quantity of cocaine base, to a person known to the Grand Jury, in exchange

for $100 in United States currency; in violation of Title 21, United States Code, Sections 841(a)(1),

(b)(1)(C) and 860 and Title 18, United States Code, Section 2.

## COUNT TWELVE

(Aiding and Abetting in the Distribution of Cocaine Base
within 1,000 Feet of a Protected Location)

On or about February 28, 2009, at or near Wheeling, Ohio County, within the Northern

Judicial District of West Virginia, defendants **FNU LNU a/k/a "NEPHEW"** and **FNU LNU a/k/a**

**"DEE"**, aided and abetted by each other, did unlawfully, knowingly, intentionally and without

authority distribute, within 1,000 feet of the real property comprising a public housing facility, to

wit: Riverview Towers, a quantity of cocaine base, to a person known to the Grand Jury, in exchange

for $100 in United States currency; in violation of Title 21, United States Code, Sections 841(a)(1),

(b)(1)(C) and 860 and Title 18, United States Code, Section 2.

## COUNT THIRTEEN

(Distribution of Cocaine Base within 1,000 Feet of a Protected Location)

On or about March 17, 2009, at approximately 1:30 p.m., at or near Wheeling, Ohio County, within the Northern Judicial District of West Virginia, defendant **WILLIAM A. WILEY III** did unlawfully, knowingly, intentionally and without authority distribute, within 1,000 feet of the real property comprising a public elementary school, to wit: Woodsdale Elementary, a quantity of cocaine base, to a person known to the Grand Jury, in exchange for $100 in United States currency; in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C) and 860.

## COUNT FOURTEEN

(Distribution of Cocaine Base within 1,000 Feet of a Protected Location)

On or about March 17, 2009, at approximately 5:10 p.m., at or near Wheeling, Ohio County, within the Northern Judicial District of West Virginia, defendant **WILLIAM A. WILEY III** did unlawfully, knowingly, intentionally and without authority distribute, within 1,000 feet of the real property comprising a public elementary school, to wit: Woodsdale Elementary, a quantity of cocaine base, to a person known to the Grand Jury, in exchange for $100 in United States currency; in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C) and 860.

## COUNT FIFTEEN

(Distribution of Cocaine Base within 1,000 Feet of a Protected Location)

On or about March 28, 2009, at or near Wheeling, Ohio County, within the Northern Judicial District of West Virginia, defendant **FNU LNU a/k/a "SLIM"** did unlawfully, knowingly, intentionally and without authority distribute, within 1,000 feet of the real property comprising a public housing facility, to wit: Riverview Towers, a quantity of cocaine base, to a person known to the Grand Jury, in exchange for $100 in United States currency; in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C) and 860.

## COUNT SIXTEEN

(Use of a Telephone to Facilitate the Distribution of Cocaine Base)

On or about April 8, 2009, at or near Wheeling, Ohio County, West Virginia, within the Northern Judicial District of West Virginia defendant **DESMOND A. THOMAS a/k/a "B"** did unlawfully, knowingly and intentionally use a communication facility, that is the public telephone system in committing, causing and facilitating the commission of felonies under Title 21, United States Code, Sections 841(a)(1) and 846, that is the distribution of cocaine base and the conspiracy to distribute cocaine base, a Schedule II controlled substance; in violation of Title 21, United States Code, Section 843(b).

## COUNT SEVENTEEN

(Distribution of Cocaine Base)

On or about April 8, 2009, at or near Wheeling, Ohio County, within the Northern Judicial District of West Virginia, defendant **DESMOND A. THOMAS a/k/a "B"** did unlawfully, knowingly, intentionally and without authority distribute a quantity of cocaine base, to a person known to the Grand Jury, in exchange for $200 in United States currency; in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT EIGHTEEN

(Use of a Telephone to Facilitate the Distribution of Cocaine Base)

On or about April 8, 2009, at or near Wheeling, Ohio County, West Virginia, within the Northern Judicial District of West Virginia defendant **FNU LNU a/k/a "NEPHEW"** did unlawfully, knowingly and intentionally use a communication facility, that is the public telephone system in committing, causing and facilitating the commission of felonies under Title 21, United States Code, Sections 841(a)(1) and 846, that is the distribution of cocaine base and the conspiracy to distribute cocaine base, a Schedule II controlled substance; in violation of Title 21, United States Code, Section 843(b).

## COUNT NINETEEN

(Distribution of Cocaine Base within 1,000 Feet of a Protected Location)

On or about April 8, 2009, at or near Wheeling, Ohio County, within the Northern Judicial District of West Virginia, defendant **FNU LNU a/k/a "NEPHEW"** did unlawfully, knowingly, intentionally and without authority distribute, within 1,000 feet of the real property comprising a public housing facility, to wit: Riverview Towers, a quantity of cocaine base, to a person known to the Grand Jury, in exchange for $200 in United States currency; in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C) and 860.

## COUNT TWENTY

(Use of a Telephone to Facilitate the Distribution of Cocaine Base)

On or about April 15, 2009, at or near Wheeling, Ohio County, West Virginia, within the Northern Judicial District of West Virginia defendant **FNU LNU a/k/a "NEPHEW"** did unlawfully, knowingly and intentionally use a communication facility, that is the public telephone system in committing, causing and facilitating the commission of felonies under Title 21, United States Code, Sections 841(a)(1) and 846, that is the distribution of cocaine base and the conspiracy to distribute cocaine base, a Schedule II controlled substance; in violation of Title 21, United States Code, Section 843(b).

## COUNT TWENTY-ONE

(Distribution of Cocaine Base within 1,000 Feet of a Protected Location)

On or about April 15, 2009, at or near Wheeling, Ohio County, within the Northern Judicial District of West Virginia, defendant **FNU LNU a/k/a "NEPHEW"** did unlawfully, knowingly, intentionally and without authority distribute, within 1,000 feet of the real property comprising a public housing facility, to wit: Riverview Towers, a quantity of cocaine base, to a person known to the Grand Jury, in exchange for $200 in United States currency; in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C) and 860.

## COUNT TWENTY-TWO

(Possession with Intent to Distribute Five (5) or More Grams of Cocaine Base)

On or about April 16, 2009, at or near Wheeling, Ohio County, West Virginia, within the

Northern District of West Virginia, defendant **DESMOND A. THOMAS a/k/a "B"** did unlawfully,

knowingly, intentionally and without authority possess with intent to distribute five or more grams

of cocaine base, a Schedule II controlled substance, in violation of Title 21, United States Code,

Sections 841(a)(1) and 841(b)(1)(B).

## FORFEITURE ALLEGATION

1.      Pursuant to Title 21 U.S.C. § 853, upon conviction of any defendant of an alleged Controlled Substance Act offense, it is the intention of the United States to seek at sentencing the forfeiture of any property that was used, or intended to be used, to commit or to facilitate the commission of such offense, and any property, real or personal, that constitutes or was derived from proceeds traceable to such offense, 1) $1,966 in United States currency seized from defendant **DESMOND A. THOMAS a/k/a "B"** on April 16, 2009; and, 2) a money judgment in the amount of at least $15,000.

2.      If any forfeitable property, as a result of any act or omission of a convicted defendant (a)  cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c)  has been placed beyond the jurisdiction of the court; (d)  has been substantially diminished in value; or (e)  has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States to seek the forfeiture of any  property owned by such defendant up to the value of the forfeitable property.

A True Bill,

/s/_____
Grand Jury Foreperson

/s/_____
SHARON L. POTTER
UNITED STATES ATTORNEY