IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                      Criminal Action No. 5:09CR21-06
                                                    (STAMP)
MICHAEL CASSANOVA DYSON,

       Defendant.

## JURY INSTRUCTIONS

I.   Introduction

Now that you have heard the evidence and the closing statements by the lawyers, it is my job to tell you about the laws that apply to this case. As jurors, you have two jobs. First, you must determine from the evidence what the facts of this case are. Second, you must apply the rules of law that I will give you to those facts in order to determine whether the government has proved beyond a reasonable doubt the guilt of Michael Cassanova Dyson with respect to the crimes charged in the indictment.

I will be sending a copy of these instructions to the jury room; however, you are not to single out any one instruction as stating the law, but must consider the instructions as a whole.

Also, you are not to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other view of the law than

that given in the instructions of the Court; just as it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything but the evidence in the case.

You have been chosen and sworn as jurors in this case to try the issues of fact presented by the allegations of the indictment and the denials made by the "not guilty" plea of the accused.  You are to perform this duty without bias or prejudice as to any party. The law does not permit jurors to be governed by sympathy, prejudice, or public opinion.  The accused and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the Court and reach a just verdict, regardless of the consequences.

The law presumes the defendant to be innocent of a crime.  So, the defendant, although accused, begins the trial with a "clean slate" -- with no evidence against him.  This presumption was with the defendant when the trial began and remains with him even now as I speak to you and will continue with him into your deliberations unless you are convinced that the government has proven his guilt beyond a reasonable doubt.  The law permits nothing but legal evidence presented before the jury to be considered in support of the charge against the accused.  So the presumption of innocence alone is sufficient to acquit the defendant, unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after

careful and impartial consideration of all the evidence in the case.

The defendant, Michael Cassanova Dyson, has pleaded "not guilty" to the charges contained in the indictment. This plea of not guilty puts in issue each of the essential elements of the offenses as described in these instructions and imposes on the government the burden of establishing each of these elements by proof beyond a reasonable doubt.

A separate crime or offense is charged in each of the two counts of the indictment. Each charge and the evidence pertaining to it should be considered separately. The fact that you may find the accused guilty or not guilty as to one of the offenses charged should not control your verdict as to any other offense charged.

It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt.

You will remember that the defendant is never to be convicted on mere suspicion or conjecture.

The burden is always upon the government to prove guilt beyond a reasonable doubt. This burden never shifts to the defendant; the law never imposes upon the defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

## II.   Evidence Generally

There are two types of evidence from which a jury may properly find the defendant guilty of a crime. One is direct evidence --

such as the testimony of an eyewitness. The other is circumstantial evidence -- the proof of a chain of circumstances pointing to the commission of the offense.

As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that, before convicting the defendant, the jury be satisfied of the defendant's guilt beyond a reasonable doubt from all of the evidence in the case.

Common sense is no substitute for evidence, but common sense should be used by you to evaluate what reasonably may be inferred from circumstantial evidence. Therefore, you are permitted to use your common sense in evaluating all the evidence, including circumstantial evidence, which the government has presented to you in an attempt to prove beyond a reasonable doubt the guilt of Michael Cassanova Dyson.

The evidence in this case consists of the sworn testimony of all witnesses, regardless of who may have called them; all exhibits received in evidence, regardless of who may have produced them; and, all facts which were admitted or stipulated.

Statements and arguments of counsel are not evidence in the case, unless they were made as an admission or stipulation of fact. When the attorneys on both sides stipulate or agree as to the existence of a fact, however, you must, unless otherwise

4

instructed, accept the stipulation as evidence, and regard that fact as proved.

As you recall, I read to you during this trial several stipulations entered into by the parties.  In the first stipulation, the parties agreed as true and proven that Riverview Towers is a public-housing facility owned and operated by the Wheeling Housing Authority.

In the second stipulation, the parties agreed as true and proven that the drug exhibits obtained during the investigation were analyzed by the Drug Enforcement Administration and the parties agreed as to the quantities of cocaine base contained in the Government's Exhibits 12 through 17 and 19 through 21.  Also, Government's Exhibits 30 through 35, which are forensic reports, were admitted without objection.

Any evidence as to which an objection was sustained by the Court must be entirely disregarded, or considered only for the limited purposes for which the evidence was admitted.

Anything you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

You are to consider only the evidence in this case.  But in your consideration of the evidence, you are not limited to the mere statements of the witnesses.  In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw, from the facts which you find have been

proven, such reasonable inferences as you feel are justified in the light of your experience.

### III.  Witnesses

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves.

You are free to believe all, a portion or none of a witness's testimony.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief.  Consider each witness's intelligence, motive and state of mind, as well as his or her demeanor and manner while on the stand.  Consider the witness's ability to observe the matters as to which he or she has testified, and whether he or she impresses you as having an accurate recollection of these matters.  Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness's testimony is either supported or contradicted by the evidence in the case.

Inconsistencies or discrepancies in the testimony of any witness, or between the testimony of different witnesses, may or may not cause you, the jury, to discredit such testimony.  Two or more persons witnessing an incident or a transaction may see or hear it differently.  Innocent misrecollection, like failure of

6

recollection, is not an uncommon experience.  In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail and whether the discrepancy results from innocent error or intentional falsehood.

The testimony of a witness may also be discredited or impeached by showing that the witness has been convicted of a crime.  Prior convictions do not render a witness incompetent to testify but it is merely a circumstance which you may consider in determining the credibility of the witness.  It is the province of the jury to determine the credibility, if any, to be given the testimony of a witness who has been impeached.

There has been evidence introduced at the trial that the government called as witnesses persons who were using or were addicted to illegal drugs when the events he or she observed took place.  There is nothing improper about calling such a witness to testify about events within his or her personal knowledge.

On the other hand, his or her testimony must be examined with greater scrutiny than the testimony of any other witness.  The testimony of a witness who was using drugs at the time of the events he or she is testifying about may be less believable because of the effect the drugs may have on his or her ability to perceive or relate the events in question.

7

If you decide to accept his or her testimony, after considering it in light of all the evidence in this case, then you may give it whatever weight, if any, you find it deserves.

The testimony of an informer who provides evidence against the defendant for personal advantage or vindication, must be examined and weighed by the jury with greater care than the testimony of an ordinary witness.  The jury must determine whether the informer's testimony has been affected by interest, or by prejudice against the defendant.

The testimony of an alleged accomplice, someone who said he or she participated with another person in the commission of a crime, must be examined and weighed by the jury with greater care than the testimony of a witness who did not participate in the commission of that crime.  A number of the government's witnesses may be considered to be alleged accomplices in this case.

The fact that an alleged accomplice has entered a plea of guilty to the offense charged is not evidence of guilt of any other person, including the defendant.

The jury must determine whether the testimony of the accomplice has been affected by self-interest, by the desire to protect others who may actually be responsible for the crimes charged, or by any agreements reached with the government.

The testimony of someone who provides evidence against another to escape punishment for his or her misdeeds or in the hope of

8

receiving a lesser sentence must be examined and weighed by the jury with greater care than the testimony of a witness who is not so motivated.

You should never convict the defendant upon the unsupported testimony of such witness unless you believe that testimony beyond a reasonable doubt.

In assessing the credibility of the witnesses in this case, one of the things you may consider is the content or terms of any plea or other agreement reached between a witness and the United States. There has been reference to such an agreement in this case, between the United States Attorney's office and various witnesses. You should consider whether such witnesses are testifying truthfully or are testifying falsely in order to obtain favorable consideration from the United States or other disposition in their own case.

You have heard testimony from some witnesses who entered into plea agreements with the government. Such plea agreements require cooperation from the witnesses, and the government has sole discretion when deciding to award such witnesses by filing a motion for reduction of sentence. If the prosecutor handling this witness' case believes he or she has provided substantial assistance, that prosecutor can file in the court in which the charges are or were pending a motion to reduce that witness' sentence. The judge has no power to reduce a witness' sentence for

9

substantial assistance unless the government, acting through the Assistant United States Attorney, files such a motion.   If a government motion is filed for a reduction of sentence based on substantial assistance, then it is up to the judge to decide whether to reduce the sentence at all, and if so, how much to reduce it.

You may give the testimony of such witness such weight as you think it deserves.  Whether or not the testimony of such a witness has been influenced by the possibility or hope of receiving a reduced sentence is something for you to decide.

If a witness is shown to have knowingly testified falsely concerning any material fact, you have a right to distrust such witness's testimony in other particulars; and you may reject all of the testimony of that witness or give it such credibility as you may think it deserves.

In considering the testimony of witnesses who are police officers or of agents of the government, you may not give more weight to the testimony of police officers or agents of the government than you give to the testimony of other witnesses for the mere reason that the witness is a police officer or an agent of the government.

You have received by stipulation expert witness evidence in this case from Steven W. Shin.  An expert witness is allowed to express an opinion on those matters about which that witness has

special knowledge and training.  Expert evidence is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing the contents of the expert's evidence, you may consider the expert's qualifications, opinions, reasons for making the report, as well as all the other considerations that ordinarily apply when you are deciding whether or not to believe a witness. You may give the expert's report whatever weight, if any, you find it deserves in light of all the evidence in this case.  You should not, however, accept the contents of the witness's report merely because that witness is an expert.  Nor should you substitute it for your own reason, judgment, and common sense.  The determination of the facts in this case rests solely with you.

Lay testimony and circumstantial evidence may be sufficient, without the introduction of an expert chemical analysis, to establish the identity of the substance involved in an alleged drug transaction.  Such circumstantial proof may include evidence of the physical appearance of the substances involved in the transaction, evidence that the substance produced the expected effects or results when sampled or tested by someone familiar with the illicit drug, testimony that a high price was paid in cash for the substance, evidence that transactions involving the substances were carried on with secrecy or deviousness, and evidence that the

11

substance was called by the name of the illegal narcotic by the defendant or others in his presence.

A defendant who wishes to testify is a competent witness, and the defendant's testimony is to be judged in the same way as that of any other witness.

### IV.   The Indictment

COUNT ONE
(Conspiracy to Distribute Fifty (50)
or More Grams of Cocaine Base)

From in or about January of 2009, to on or about the return of this Indictment, at or near Wheeling, Ohio County, West Virginia, within the Northern Judicial District of West Virginia, and elsewhere, defendants DESMOND A. THOMAS a/k/a "B," JOHN D. POINTER a/k/a "NEPHEW," DARWIN DWAYNE HUTCHINS a/k/a "DEE," JOHNELL JAMES ADAMS a/k/a "SLIM," WILLIAM A. WILEY, III, MICHAEL CASSANOVA DYSON and ROBERT FLEMING, did knowingly and willfully combine, conspire, confederate and agree and have a tacit understanding with other persons known and unknown to the Grand Jury, to commit an offense against the United States, to wit: to violate Title 21, United States Code, Section 841(a)(1).  It was a purpose and object of the conspiracy knowingly, and intentionally to possess with intent to distribute and to distribute fifty (50) or more grams of cocaine base, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A).

COUNT TWO
(Aiding and Abetting in the Distribution of Cocaine Base
within 1,000 Feet of a Protected Location)

On or about January 10, 2009, at or near Wheeling, Ohio County, within the Northern Judicial District of West Virginia, defendant MICHAEL CASSANOVA DYSON and a person known to the grand jury, aided and abetted by each other, did unlawfully, knowingly, intentionally and without authority distribute, within 1,000 feet of the real property comprising a public housing facility, to wit: Riverview Towers, a quantity of cocaine base, a Schedule II controlled substance, to a person known to

12

the Grand Jury, in exchange for $100 in United States currency; in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C) and 860 and Title 18, United States Code, Section 2.

As I have mentioned earlier, an indictment is but a formal method of accusing the defendant of a crime.  It is not evidence of any kind against the defendant and does not create any presumption or permit any inference of guilt.  Nor does it affect the legal presumption that the defendant is innocent until and unless his guilt is proven beyond a reasonable doubt on each element of the crime charged.  You should rely upon these instructions to establish the elements of the crime.

## V.   The Statutes and Elements

A.   Conspiracy

The defendant is charged in Count One of the indictment with violating Title 21, United States Code, Section 846, in other words, a conspiracy to violate the federal drug laws.

Title 21, United States Code, Section 846, cited in the indictment, provides:

> Any person who . . . conspires to commit any offense defined in this subchapter [regarding federal drug laws] shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the . . . conspiracy.

Three essential elements are required to be proved as to the defendant in order to establish the offense charged in Count One as to defendant:

13

FIRST:  That there was an agreement between two or more persons to engage in conduct that violates a federal drug law;

SECOND:  That the defendant knew of the conspiracy; and

THIRD:  That the defendant knowingly and voluntarily became a part of the conspiracy.

The law allows proof of a drug conspiracy by direct or circumstantial evidence, and, therefore, you may consider either or both in reaching your verdict.

The indictment alleges that the conspiracy occurred from on or about January 2009, and the return of the indictment in June 2009, but it is not necessary that the government prove the exact dates. However, to find the defendant guilty as charged, you must find that the conspiracy began within or reasonably near the time period alleged in the indictment.

Once it has been shown that a conspiracy exists, the evidence need only establish a slight connection between the defendant and the conspiracy to support conviction.

Under the law, a "conspiracy" is an agreement or a kind of "partnership in criminal purposes" in which each member becomes the agent or the partner of every other member.

A person may become a member of a conspiracy without full knowledge of all of the details of the unlawful scheme or the names and identities of all of the other alleged conspirators.  So, if a defendant has an understanding of the unlawful nature of a plan and knowingly and wilfully joins in that plan on one occasion, that is

14

sufficient to convict him for conspiracy, even though he had not participated before and even though he played only a minor part.

In order to establish a conspiracy offense, it is not necessary for the United States to prove that those who were members had entered into any formal type of agreement. Also, because the essence of a conspiracy offense is the making of the scheme itself, it is not necessary for the United States to prove that the conspirators actually succeeded in accomplishing their unlawful plan.

Proof of an overt act (or active step) in furtherance of the conspiracy is not required to sustain a drug conspiracy conviction. Instead, the evidence is sufficient if it proves these three elements: that is, that there was an agreement to violate the federal drug law, that the defendant knew of the conspiracy, and that the defendant knowingly and voluntarily became a part of the conspiracy.

Once a conspiracy begins, individual co-conspirators may drop out without terminating the conspiracy itself.

Once the defendant willfully joins a conspiracy, he is presumed to continue in that conspiracy unless and until he takes affirmative steps to withdraw. In other words, if you conclude that the defendant knowingly and voluntarily became a part of the conspiracy, the burden then shifts to the defendant to show that he

thereafter withdrew, that is, that he thereafter took affirmative steps to defeat or disavow the purposes of the conspiracy.

Of course, mere presence at the scene of a transaction or event, or the mere fact that certain persons may have associated with each other and may have assembled together and discussed common aims and interests, does not necessarily establish proof of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of one, does not thereby become a conspirator.

In determining whether a conspiracy existed, you should consider the actions and declarations of all of the alleged participants. The defendant cannot be bound by the acts or declarations of other participants until it is established that a conspiracy existed and that he was one of its members.

There can be no conspiracy committed where the defendant's participation or action is exclusively with a government informant. It takes two to conspire and a government informant is not a true conspirator.

You must determine whether the conspiracy charged in the indictment existed. If it did, you then must determine the nature of the conspiracy and the identity of its members.

A member of a conspiracy who commits another crime during the existence or life of a conspiracy and commits this other crime in order to further or somehow advance the goals or objectives of the

16

conspiracy, may be found by you to be acting as the agent of the other members of the conspiracy.  The illegal actions of this person in committing this other crime may be attributed to other individuals who are then members of the conspiracy.

Under certain conditions, therefore, the defendant may be found guilty of this other crime, even though he did not participate directly in the acts constituting the offense.

If you find that the government has proven beyond a reasonable doubt the defendant guilty of conspiracy as charged in Count One of the indictment, you may also find him guilty of the crimes alleged in the other count of the indictment in which he is charged, provided you find that the essential elements of that count as defined in these instructions have been established beyond a reasonable doubt.  In other words, that you also find beyond a reasonable doubt that:

> FIRST:  The substantive offense of distribution of controlled substances was committed by a member of the conspiracy;

> SECOND:  The substantive crime was committed during the existence or life of and in furtherance of the goals of the conspiracy; and

> THIRD:  That at the time this offense was committed, the defendant was a member of the conspiracy.

If you find the defendant guilty of the crime charged in Count One of the indictment (conspiracy), then you must also determine the amount of controlled substance involved.  You shall consider

the following options to the extent you find them proved beyond a reasonable doubt:

> FIRST:  50 grams or more of cocaine base or a mixture or substance which contains a detectable amount of cocaine base; or

> SECOND:  5 grams or more but less than 50 grams of cocaine base or a mixture or substance which contains a detectable amount of cocaine base; or

> THIRD:  Less than 5 grams of cocaine base or a mixture or substance which contains a detectable amount of cocaine base.

Your findings on these subjects shall be made a part of the verdict form provided.

One may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names and identities of all alleged conspirators.  So, if the defendant, with an understanding of the unlawful character of a plan, knowingly and willfully joins in an unlawful scheme on one occasion, that is sufficient to convict him for conspiracy even though he had not participated at earlier stages in the scheme and regardless of the role he played in the conspiracy.

When it appears beyond a reasonable doubt from the evidence in the case that a conspiracy did exist as charged, and that the defendant under consideration was one of its members, then the statements and acts knowingly made and done during the conspiracy and in furtherance of its objective, by any other proven member of the conspiracy, may be considered by the jury as evidence against

the defendant even though he was not present to hear the statement made or see the act done.  This is true because, as stated earlier, a conspiracy is a kind of "partnership" so that under the law each member is bound by or responsible for the acts and statement of every other member made in pursuance of their unlawful scheme.

B.   <u>Aiding and Abetting in Distribution of Cocaine Base Within 1,000 Feet of a Protected Location</u>

Title 21, United States Code, Section 841(a)(1), cited in the indictment, provides in pertinent part as follows:

> (I)t shall be unlawful for any person knowingly or intentionally--

> (1) to . . . distribute, . . . a controlled substance . . . , here cocaine base, which I instruct you is a controlled substance within the meaning of the law.

In order to establish the offense proscribed by that statute the United States must prove each of the following elements beyond a reasonable doubt:

> FIRST:  That the defendant distributed cocaine base, a Schedule II controlled substance on or about the dates alleged; and

> SECOND:   That the defendant did so knowingly and intentionally.

Count Two alleges as to the defendant that the distribution was within 1,000 feet of the real property of a protected location, a public housing facility.   You must further find beyond a reasonable doubt that the distribution of cocaine base was within

19

1,000 feet of the real property of the protected location before finding defendant guilty of this count.

The United States is not required to show that the defendant knew that the substance involved was cocaine base.   It is sufficient if the evidence establishes beyond reasonable doubt that the defendant distributed some controlled substance.

With regard to Count Two of the indictment, other than the conspiracy charge in Count One, it is alleged that a particular amount or quantity of cocaine base was involved.   The evidence in the case need not establish that the amount or quantity of cocaine base was as alleged in the indictment, but only that a measurable amount of cocaine base was in fact the subject of the acts charged.

Count Two of the indictment additionally charges the defendant with a violation of Title 18, United States Code, Section 2, aiding and abetting the distribution of cocaine base.   The federal statute defining aiding and abetting reads as follows:

> (a)   Whoever commits an offense against the United States or aids, abets, counsels, commands, induces, or procures its commission, is punishable as principle.

> (b)   Whoever willfully causes an act to be done which if directly performed by him/her or another would be an offense against the United States is punishable as a principle.

Under this statute it is not necessary for the government to show that the defendant physically committed the crimes with which he is charged in order for you to find the defendant guilty.   A

20

person who aids or abets another to commit an offense is just as guilty of that offense as if he committed it himself.

As you can see from the language of the law, the first requirement is that you find that a given person himself or another person has committed a crime against the United States. Obviously, one cannot be held responsible for criminal acts of another if no crime was committed by the other person in the first place. But if you do find that a crime was committed, then you must consider whether the particular defendant you are considering aided and abetted the commission of the crime.

In order to aid or abet another to commit a crime, in this case it is necessary that the accused person willfully and knowingly associated himself in some way with the crime charged and that he willfully and knowingly sought by some act to help make the crime successful.

The mere presence of the defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or the more acquiescence by the defendant in the criminal conduct of others, even with guilty knowledge, is not sufficient to establish aiding and abetting.

To determine whether the defendant aided or abetted the commission of the offenses with which he is charged in the indictment, ask yourselves these questions.

21

Did he participate in the crime charged as something he wished to bring about?

Did he associate himself with the criminal venture knowingly and willfully?

Did he seek by his actions to make the criminal venture succeed?

If he did, then he is an aider and abettor and therefore guilty of the offense you have found to have been committed.  If he did not then he is not an aider and abettor and he is not guilty of the offense.

As I mentioned a moment ago, the defendant is also guilty of a crime if he willfully causes its commission.  The term "willfully caused" means the following:

First, that the defendant took some action without which the crime or crimes would not have occurred.

Second, that the defendant intended, or knew the crime or crimes would be performed by others.

All that must be shown is that the defendant was a willful, knowing participate in the distribution of cocaine base, as alleged in Count Two of the indictment.

The guilt of an accused in a criminal case may be established without proof that he personally did every act constituting the offense alleged.  The law recognizes that, ordinarily, anything a person can do for himself may also be accomplished by him through

direction of another person as his agent or by acting in concert with, or under the direction of, another person or persons in a joint effort or enterprise.

So, if the acts or conduct of an agent, employee or other associate of the defendant are willfully directed or authorized by him, or if the defendant aids and abets another person by willfully joining together with such person in the commission of a crime, then the law holds the defendant responsible for the acts and conduct of such other persons just as though he had committed the acts or engaged in such conduct himself.

Before the defendant may be held criminally responsible for the acts of others, it is necessary that the accused willfully associate himself in some way with the criminal venture, and willfully participate in it as he would in something he wishes to bring about; that is to say, that he willfully seek by some act or omission of his to make the criminal venture succeed.

Of course, mere presence at the scene of a crime and knowledge that a crime is being committed are not sufficient to establish that the defendant either directed or aided and abetted the crime unless you find beyond a reasonable doubt that the defendant was a participant and not merely a knowing spectator.

In other words, you may not find the defendant guilty unless you find beyond a reasonable doubt that every element of the offense as defined in these instructions was committed by some

23

person or persons, and that the defendant willfully participated in its commission.

## VI.  General Instructions

I now want to give you some legal definitions which you should use to determine whether the facts, as you have determined them, constitute the elements of the alleged offenses.

You will note that the indictment charges that the offenses were committed "on or about" or "in or about" a certain date.  The proof need not establish with certainty the exact date of the alleged offenses.  It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offenses were committed on a date reasonably near the date alleged.

You will note that the indictment charges that the offenses were committed "at or near" a certain location.  The proof need not establish with certainty the exact location of the alleged offenses.  It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offenses were committed at a location reasonably near the location alleged.

To constitute the crimes charged in the indictment, there must be the joint operation of two essential elements, an act forbidden by law and an intent to do the act.

Before the defendant may be found guilty of a crime, the government must establish beyond a reasonable doubt that under the statutes described in these instructions the defendant was

forbidden to do the acts charged in the indictment, and that he knowingly committed the acts.

An act is done "knowingly" if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.  To act knowingly is to act with knowledge of the facts that constitute the offense.

"Unlawfully" means contrary to law.  To do an act "unlawfully" means to do willfully something which is contrary to law.

"Distribution" requires either physical transfer of the drug or other acts in furtherance of the transfer, such as arranging or supervising the delivery, or negotiating for or receiving the purchase price.

The crimes charged in the indictment are crimes which require proof of specific intent before the defendant can be convicted. Specific intent, as the term implies, means more than the general intent to commit the act.  To establish specific intent, the government must prove that the defendant knowingly did an act which the law forbids, purposely intending to violate the law.  Such intent may be determined from all the facts and circumstances surrounding the case.

The law recognizes several kinds of possession:  actual possession and constructive possession.  A person who knowingly has direct physical control over a thing, at a given time, is then in actual possession of it.

25

A person who, although not in actual possession, knowingly has both the power and the intention, at a given time, to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it.

The law recognizes also that possession may be sole or joint. If one person alone has actual or constructive possession of a thing, possession is sole.  If two or more persons share actual or constructive possession of a thing, possession is joint.

You may find that the element of possession as that term is used in these instructions is present if you find beyond a reasonable doubt that the defendant had actual or constructive possession, either alone or jointly with others.  You may infer from the evidence an intent on the part of the defendant to distribute the controlled substance which you find he possessed. This inference may be based upon a variety of factors including the quantity, weight, or amount of the drug, the manner in which it was possessed, the quality or purity of the controlled substance, its street value, or the existence of accompanying drug paraphernalia.

In addition, a person, although not in actual possession, has constructive possession of a thing, in this case, cocaine base, when he exercises, or has the power to exercise, dominion and control over that cocaine base, and has knowledge of the cocaine base's presence.  The words "dominion and control" mean to directly

26

influence or to have power over an object.  Knowledge of the cocaine base's presence may be inferred from the totality of the circumstances in this case, including defendant's ownership or dominion and control over the property where the cocaine base is located.

In order to obtain a conviction on a theory of constructive possession, the government must demonstrate through direct or circumstantial evidence that the defendant exercised, or had the power to exercise, dominion and control over the item.

You may find that the element of possession as that term is used in these instructions is present if you find beyond a reasonable doubt that the defendant had actual or constructive possession, either alone or jointly with others.

Intent ordinarily may not be proved directly, because there is no way of fathoming or scrutinizing the operations of the human mind.  However, you may infer the defendant's intent from the surrounding circumstances.  You may consider any statement made or done or omitted by the defendant, and all other facts and circumstances in evidence which indicate the defendant's state of mind.

You may consider it reasonable to draw the inference and find that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.  As I have said, it is entirely up to you to decide what facts to find from the evidence.

27

Your verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree thereto.  Your verdict must be unanimous.

It is your duty as jurors, to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment.  Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

You have noticed that we do have an official court reporter making a record of the trial.  However, as I mentioned earlier, we will not have typewritten transcripts of this record available for use in reaching your decision in this case.

Remember at all times, you are not partisans.  You are judges -- judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

Some of you jurors have taken notes during the course of this trial.  Notes are only an aid to memory and should not be given precedence over your independent recollection of the facts.  A juror who did not take notes should rely on his or her independent

28

recollection of the proceedings and should not be influenced by the notes of other jurors.

There is nothing peculiarly different in the way a jury should consider the evidence in a criminal case, from that in which all reasonable persons treat any questions depending upon evidence presented to them.   You are expected to use your good sense; consider the evidence in the case for only those purposes for which it has been admitted and give it a reasonable and fair construction, in the light of your common knowledge of the natural tendencies and inclinations of human beings.

As I mentioned at the start of this trial, you are not to concern yourself with the sentence that the defendant might receive if you should find the defendant guilty.   Your function is solely to decide whether the defendant is guilty or not guilty of the charge against him.   If, and only if, you find the defendant guilty of the charge against him will it become the duty of the Court to pronounce sentence.

If the accused be proved guilty of the crime alleged in the indictment beyond reasonable doubt, say so.   If not so proved guilty, say so.

If any reference by the Court or by counsel to matters of evidence does not coincide with your own recollection, it is your recollection which should control during your deliberations.

Upon retiring to the jury room, you will select one of your number to act as your foreperson.  The foreperson will preside over your deliberations and will be your spokesperson here in Court.

A form of verdict has been prepared for your convenience.

(FORM OF VERDICT READ)

You will take this verdict form to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson complete this form by placing an "x" before the appropriate word or words which state the verdict upon which you unanimously agree as to the defendant.  If you find the defendant guilty of the crime charged in Count One, then you should make a finding concerning the amount of cocaine base involved in Count One by placing an "x" before the appropriate amount of drugs involved in Count One.  The foreperson will then sign and date the form and the jury will then return with your verdict to the courtroom.

If you should desire to communicate with the Court at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally.  I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.