IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                Criminal Action No. 5:09CR21-06
                                                                           (STAMP)

MICHAEL CASSANOVA DYSON,

    Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING EXTENSION OF APPEAL PERIOD**

On February 16, 2012, the defendant in the above-styled criminal action filed a notice of appeal of this Court's January 18, 2012 denial of his 18 U.S.C. § 3582(c)(2) motion for reduction in his sentence, predicated on Guidelines Amendment 750. The United States Court of Appeals for the Fourth Circuit reviewed this notice of appeal, and determined that, as a motion in a criminal case, it was filed outside of the fourteen-day appeal period set by Federal Rule of Appellate Procedure 4(b)(1)(A). However, Federal Rule of Appellate Procedure 4(b)(4) provides that the district court, with or without a motion, can grant an extension of the appeal period by up to thirty days, upon a showing by the defendant of excusable neglect or good cause. The appeals court determined that the notice of appeal was filed within this thirty-day excusable neglect or good cause extension period.

As a result, the appeals court remanded the case to this Court for a determination of whether this defendant can demonstrate

excusable neglect or good cause warranting an extension. In accordance with this ruling by the appellate court, this Court directed the defendant to file a memorandum in support of a showing of excusable neglect or good cause, and allowed the United States an opportunity to respond. The parties have now fully briefed this issue. This Court finds, for the following reasons, that the defendant has failed to show excusable neglect or good cause, and thus denies the defendant an extension of the appeal period.

In support of his assertion of excusable neglect or good cause, the defendant asserts that, based upon his knowledge of the Federal Rules of Appellate Procedure, his notice of appeal was timely. The defendant claims that "[o]n or about January 21, 2012" he received the order of this Court denying his motion to reduce sentence, and he "mailed via the Institutional Mail Office" his notice of appeal on February 17, 2012. The United States responded, asserting that, even by the defendant's timeline, he did not appeal the order denying his motion to reduce sentence within the fourteen-day criminal appeal period set by Federal Rule of Appellate Procedure 4(b)(1)(A), but rather appealed the order twenty-five days after receiving it.

This Court agrees with the United States. The defendant admits that he received the order that he now seeks to appeal on January 21, 2012, and that he did not mail his response until

February 17, 2012.[1] The defendant offers no other explanation for the delay in his filing except that he believes his notice of appeal to have been timely filed. However, the defendant is obviously incorrect in this belief. In criminal cases, notices of appeal must be filed within fourteen days after the entry of judgment, and as the Fourth Circuit noted, § 3582 motions are criminal in nature and follow the Federal Rule of Appellate Procedure 4(b)(1)(A) appeal period. See ECF No. 477 *2 (citing United States v. Alvarez, 210 F.3d 309, 310 (5th Cir. 2000)). Accordingly, the notice of appeal of this Court's denial of the defendant's motion to reduce sentence was untimely filed. Further, the defendant's assertion that he believed his notice of appeal to be timely fails to adequately demonstrate excusable neglect or good cause. See United States v. Madrid, 633 F.3d 1222, 1224 (10th Cir. 2011) ("ignorance of appellate deadlines is not excusable neglect").

Accordingly, because the defendant has failed to make a showing of excusable neglect or good cause justifying his untimely filing of a notice of appeal of this Court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce sentence, an extension of the defendant's fourteen-day appeal period is hereby DENIED.

IT IS SO ORDERED.

---

[1] According to the CM/ECF filing system, the defendant's notice of appeal was actually filed on February 16, 2012. However, this is nonetheless outside the fourteen-day appeal time period.

The Clerk is DIRECTED to transmit a copy of this order to the defendant, to counsel of record herein and to the Clerk of the United States Court of Appeals for the Fourth Circuit.

DATED:   September 26, 2012

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE