IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MICHAEL CASSANOVA DYSON,

        Petitioner,

v.                                        Civil Action No. 5:11CV17
                                          (Criminal Action No. 5:09CR21)
UNITED STATES OF AMERICA,                                      (STAMP)

        Respondent.


                    **MEMORANDUM OPINION AND ORDER**
                    **AFFIRMING AND ADOPTING REPORT AND**
                    **RECOMMENDATION OF MAGISTRATE JUDGE**

                            I.  Background

     The pro se[1] petitioner was found guilty by jury verdict of one
count of conspiracy to distribute fifty or more grams of cocaine
base in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846, and one
count of aiding and abetting in the distribution of cocaine base
within 1,000 feet of a protected location in violation of 21 U.S.C.
§§ 841(a)(1), 841(b)(1)(C), and 860, and 18 U.S.C. § 2.  Prior to
the petitioner's trial, he rejected two plea agreements offered by
the government.

     The first plea agreement proposed that the petitioner plead
guilty to Count Two of the superseding indictment, the charge of
aiding and abetting in the distribution of cocaine within 1,000
feet of a protected location, stipulate to relevant conduct of
between 50 and 150 grams of cocaine base, and a one-level

_____

     [1]"Pro se" describes a person who represents himself in a court
proceeding without the assistance of a lawyer.  Black's Law
Dictionary 1341 (9th ed. 1999).

enhancement pursuant to U.S.S.G. § 2D1.2(a)(2). The petitioner and his counsel discussed the agreement, and the petitioner declined to accept it. The second plea agreement offered that the petitioner plead guilty to Count One of the superseding indictment, the conspiracy charge, and stipulate to relevant conduct of 150 to 500 grams of cocaine base. Counsel for the petitioner forwarded the agreement to the petitioner, explained it to him, and encouraged him to seriously consider accepting the agreement.

The petitioner then filed a motion for substitution of counsel, arguing that his counsel attempted to force him to take the plea agreement, and gave him no reason why he should do so when the petitioner believed that the government lacked sufficient evidence to convict him. This motion was denied following testimony that counsel had simply communicated both plea agreements to the petitioner, had encouraged him to seriously consider them, and had informed the petitioner that the alternative was going to trial on both counts of the superseding indictment. In denying the petitioner's motion to substitute counsel, the Court also noted that the petitioner faced a much longer prison sentence if he went to trial and was found guilty on both counts.

The petitioner then went to trial before a jury, during which he testified and stated that he was not guilty of the crimes of which he was accused in the superseding indictment. He also testified that he did not know the individual who he was accused of aiding and abetting, and also that he had never met four

individuals who testified to having been involved with the petitioner in the activities surrounding the accusations made in the superseding indictment.  Following the guilty verdict, counsel for the petitioner filed fourteen objections to the United States Probation Office's presentence investigation report.  These objections focused on the petitioner's continued claims of innocence, his objections to an obstruction of justice enhancement based upon the petitioner's testimony at trial, and his assertions that insufficient evidence of relevant drug conduct of 3.6 kilograms had been presented.  At his sentencing hearing, the petitioner indicated that he had gone over all of the objections with his attorney and that he agreed with them.  This Court then sentenced the petitioner to 262 months imprisonment and five years of supervised release on Count One, and 240 months of imprisonment and six years of supervised release on Count Two, to be served concurrently.  This sentence included the two-level enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1 for giving false trial testimony, and applied the drug relevant conduct as recommended by the United States Probation Office.

The petitioner appealed his conviction and sentence, arguing that the offered plea agreements were not properly explained to him and if they had been, he would have accepted a plea agreement rather than proceed to trial.  See United States v. Dyson, 401 F. App'x 791 (4th Cir. 2010) (unpublished).  The United States Court of Appeals for the Fourth Circuit affirmed the petitioner's

conviction and sentence. Id. The petitioner then filed this motion for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. In his motion, the petitioner raises a large number of ineffective assistance of trial counsel claims, which have been consolidated to 38 claims, which are set forth at length in the magistrate judge's report and recommendation and will not be restated here. See Crim. Action No. 5:09CR21, ECF No. 409 *4-*6. These claims can be divided into three types of claims of ineffective assistance: (1) ineffective assistance during plea discussions, (2) ineffective assistance regarding trial performance and performance at the petitioner's sentencing hearing, and (3) ineffective assistance relating to the petitioner's presentence report.

The matter was referred to United States Magistrate Judge James E. Seibert for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2. Magistrate Judge Seibert directed the United States to respond. In response, the United States argues that the petitioner's allegations must be dismissed because (1) the petitioner denied drug activity under oath, so he cannot now say that he would have pled guilty but for the advice of counsel. Further, the United States argues that trial counsel did recommend to the petitioner that he accept one of the plea agreements, (2) the petitioner's allegations of trial error do not actually allege any error, and even if they did, the petitioner cannot show prejudice, and (3) petitioner's counsel filed numerous objections to the presentence

4

report, and reviewed the report and the objections with the petitioner.

Magistrate Judge Seibert issued a report and recommendation recommending that the petitioner's § 2255 application be denied and dismissed with prejudice on the grounds that all of the petitioner's claims lack merit. The magistrate judge informed the parties that if they objected to any portion of the report, they must file written objections within fourteen days after being served with copies of the report. The petitioner filed timely objections. In his objections, the petitioner challenges the magistrate judge's report and recommendation on three bases: (1) he asserts that there was insufficient evidence of "the sales of the drugs that he was tried and found guilty of"; (2) there was also insufficient evidence of the drug relevant conduct which formed the basis for his sentence; (3) trial counsel was ineffective in failing to adequately challenge the lack of evidence of guilt and of the amount of drug relevant conduct; and (4) this Court failed to make required specific findings as to the veracity of the petitioner's trial testimony prior to applying the obstruction of justice enhancement. For the reasons set forth below, this Court adopts and affirms the magistrate judge's report and recommendation in its entirety.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's

recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). The petitioner has filed objections and this Court will review the portions of the magistrate judge's report and recommendations with which these objections take issue <u>de novo</u>. All portions of the report and recommendation to which the petitioner has not objected are reviewed for clear error.

### III. <u>Discussion</u>

In order to succeed in his ineffective assistance of counsel claims, the petitioner must satisfy the two part test set forth in <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). Not only must the petitioner demonstrate that the challenged actions of his attorney fell below an objective standard of reasonableness, but also that the petitioner was actually prejudiced by his counsel's unreasonable representation. <u>Id.</u> at 689-90. Further, counsel's performance is reviewed with a significant amount of deference to counsel, and courts "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." <u>Id.</u> In order to show prejudice, the petitioner must demonstrate that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id.</u> at 694.

A.   Ineffective assistance of counsel at plea negotiations

As noted above, the petitioner's allegations of ineffective assistance of counsel are most efficiently broken into three types of allegations, the first of those being allegations of ineffective assistance throughout plea negotiations prior to trial. The petitioner has not objected to the magistrate judge's findings that he failed to satisfy the Strickland test as to these allegations. In this regard, the magistrate judge found that the record clearly shows that counsel for the petitioner made every effort to fully present both offered plea agreements to the petitioner, to explain the agreements and encourage the petitioner to seriously consider them, and to inform the petitioner of the alternatives to signing the agreements. Thus, the magistrate judge determined, counsel for the petitioner satisfied all duties imposed upon him for plea negotiation proceedings. See ECF No. 409 *9-*10; and see Jones v. Murray, 947 F.2d 1106 (4th Cir. 1991). Further, the magistrate judge found that, even if the petitioner could show that his counsel was ineffective in his handling of the offered agreements, he cannot show that he was prejudiced by any such failure. The magistrate judge asserts that because the petitioner maintained his innocence at trial, and continues to maintain his innocence to present day, he cannot demonstrate that he would have taken a plea agreement had his counsel better explained the agreements and the consequences of a guilty verdict at trial. See Hill v. Lockhart, 474 U.S. 52, 60 (1985) (standard for showing prejudice at the plea

negotiation stage is whether the petitioner would have chosen the opposite decision regarding acceptance or rejection of a plea agreement had counsel fulfilled his duties). After review of the record and the report and recommendation, this Court finds no clear error in the magistrate judge's determination that these allegations by the petitioner lack merit.[2]

B. <u>Ineffective assistance of counsel at trial and sentencing hearing</u>

The second category of ineffective assistance allegations raised by the petitioner are those asserting ineffective assistance of counsel at trial. The first of petitioner's allegations in this regard focus on counsel's alleged failure to effectively utilize the voir dire process to seat a jury of the petitioner's peers, as the jury seated in the petitioner's case was all Caucasian. In response to this claim, the magistrate judge found that the petitioner failed to meet the requirements of <u>Duren v. Missouri</u>, 439 U.S. 357, 364 (1979), in order to show that he was denied a fair cross-section of his peers within the jury. Accordingly, maintains the magistrate judge, this claim must fail. The

---

[2] This Court recognizes that the United States Supreme Court restated and explained further the required actions by defense counsel in plea negotiations under <u>Strickland</u> following the magistrate judge's report and recommendation in this case. <u>See</u> <u>Lafler v. Cooper</u>, 132 S. Ct. 1376 (2012); and <u>Missouri v. Frye</u>, 132 S. Ct. 1399 (2012). This Court has examined the challenged actions of counsel for this petitioner under <u>Lafler</u> and <u>Frye</u> and finds no error in the magistrate judge's findings that counsel made every effort constitutionally necessary, and indeed everything possible, in the petitioner's interest during the plea stage.

8

petitioner failed to object to the magistrate judge's findings as to this claim, and this Court does not find his conclusion that the petitioner's allegations lack merit to be in clear error.

The petitioner's second allegations regarding trial performance assert that counsel failed to fully investigate the facts and the government's case against him generally and with regard to a potential alibi defense. The magistrate judge also found these allegations to lack merit under Strickland, because the record shows that counsel for the petitioner did adequately investigate the case, including an alibi defense. As the magistrate judge notes, counsel attempted to show at trial that the petitioner was not in Wheeling, West Virginia at the time of the alleged criminal activity. That the defense was unsuccessful does not demonstrate counsel's failure to adequately investigate or present it. The petitioner has not objected to these findings, and this Court finds no clear error.

Next, the petitioner asserts that counsel was ineffective in failing to impeach government witnesses, attack their credibility, or to challenge or object to false testimony. The magistrate judge also found these claims to lack merit because the record shows that the petitioner's counsel did in fact impeach government witnesses in a number of ways, and did object at sentencing regarding the truth of the government witnesses' testimony.

As previously noted, the petitioner did object to the magistrate judge's findings as to these claims. In his objections,

the petitioner again argues that the government's witnesses were not reliable, and that they offered untruthful testimony that his counsel failed to adequately challenge. After a de novo review of the record, the report and recommendation, and the petitioner's objections, this Court agrees with the magistrate judge that these allegations lack merit. Initially, as the magistrate judge points out, the record shows that counsel for the petitioner took a number of steps to impeach the government's witnesses by questioning them regarding their drug use, their motivation to testify against the petitioner, and their prior felony records. Counsel for the petitioner also offered in-depth objections to the veracity of the testimony in response to the presentence report's findings as to relevant conduct and as to the petitioner's guilt. Further, as the magistrate judge notes, the petitioner offers no evidence to support his claim that the testimony offered by the government's witnesses was false aside from his own testimony, which was offered at trial and rejected by the jury. Accordingly, this Court finds no merit in the petitioner's allegations regarding his counsel's failure to adequately challenge the testimony of the government's witnesses, nor does it find any merit to the petitioner's objections to the findings of the report and recommendation as to these claims.

The petitioner next alleges that counsel was ineffective in failing to object to the amount of drugs that were found to be attributable to the petitioner. Again, the magistrate judge found

this allegation to be without merit because the record belies it. The petitioner objected to this finding. This Court finds, on de novo review, that the magistrate judge is correct in rejecting these claims. The transcript of the sentencing hearing in the petitioner's case shows that his counsel made a significant effort to object to the evidence used to support the amount of drugs attributed to the defendant, and that counsel argued this objection with fervor. ECF No. 342 *5-*14. Further, as to the petitioner's objections generally to the amount of drugs attributed to him being speculation, this Court finds that the amounts were all based upon testimony combined with drugs seized and obtained through controlled buys. While the petitioner objects to the veracity of this testimony, as noted above, he does not offer support for these objections. As such, his objections to the magistrate judge's findings as to these claims are overruled.

The petitioner does not raise objection to the remaining allegations as to trial performance, and this Court finds no clear error the magistrate judge's findings as to these claims. The first of these remaining claims alleges that counsel failed to maintain adequate communication with him. As the magistrate judge notes, the petitioner fails to allege any factual support for this bald allegation, and also fails to allege any prejudice for any such failure of communication.

Next, petitioner alleges that counsel failed to challenge certain evidence which he asserts was prejudicial. However, again,

11

the record belies this argument, as it shows that counsel objected to the introduction of the subject evidence on multiple occasions and that he also challenged the petitioner's connection to the subject evidence.[3] The petitioner also argues that his counsel was ineffective in failing to object when the petitioner received a longer sentence than the government had predicted. In support of this allegation, the petitioner asserts that the government had predicted a sentence of 168-235 months, and his counsel failed to object when he received a sentence of 262 months. This Court agrees with the magistrate judge that this argument must fail. No allegation or evidence of prejudice has been made or shown as to this claim, and any sentence prediction by the government was just that, a prediction, and not grounds for any objection.

Finally, as the magistrate judge also indicates, the petitioner raises a number of claims relating to his counsel's trial and sentencing hearing conduct which are too vague to analyze under the <u>Strickland</u> test, as this Court is unable to discern exactly what the petitioner is arguing. As such, this Court affirms the magistrate judge as to each of these claims as well.

C. <u>Ineffective assistance of counsel regarding presentence report</u>

The third category of allegations in the petitioner's motion are those which assert that counsel failed to make recommendations

---

[3]Further, as the magistrate judge notes, any argument as to the actual introduction or non-introduction of certain evidence should have been raised on appeal, and is barred from being raised in this habeas proceeding. See <u>United States v. Maybeck</u>, 23 F.3d 888, 891 (4th Cir. 1994).

and objections to the presentence report and also failed to review it with the petitioner. The magistrate judge found this allegation to lack merit because the petitioner has failed to present evidence which undermines the record evidence showing that petitioner's trial counsel did in fact make numerous objections to the presentence report, recommended objections to the petitioner, and also reviewed the report extensively with the petitioner. The petitioner arguably offered objections to these findings, so this Court has reviewed them de novo, and agrees with the magistrate judge's findings.

The record shows that counsel for the petitioner made fourteen objections to the presentence report. At the petitioner's sentencing hearing, counsel indicated that a number of the objections were those that counsel found to be appropriate, and that a number were suggested by the petitioner and resulted from the fact that the petitioner continued to maintain his innocence. Further, at the sentencing hearing, this Court asked both counsel for the petitioner and the petitioner himself whether counsel and the petitioner had gone over the presentence report together and whether the petitioner understood the report and agreed with all objections made to it. In response to these questions, the petitioner answered in the affirmative. Counsel for the petitioner also gave a detailed response which indicated that the report had been reviewed with the petitioner multiple times, both in person

13

and by phone. Accordingly, the petitioner has failed to present a meritorious argument in this regard as well.

D.  <u>Objection regarding obstruction of justice enhancement</u>

Finally, the petitioner offers an objection to the report and recommendation which asserts that this Court inappropriately applied a two-point enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1. The petitioner asserts that, under <u>United States v. Dunnigan</u>, 507 U.S. 87 (1983), this Court was required to make an independent finding that the petitioner's trial testimony amounted to perjury prior to applying the enhancement, and this Court failed to do so. This Court agrees with the petitioner that, whenever a defendant objects to the application of § 3C1.1 based upon alleged perjury at trial, <u>Dunnigan</u> requires that the sentencing court make an independent determination as to whether the defendant actually perjured himself. <u>See</u> <u>id.</u> at 95.

However, this Court disagrees with the petitioner's argument that this Court failed to make such findings at his sentencing hearing before imposing the enhancement under § 3C1.1. The transcript of the petitioner's sentencing hearing clearly shows that this Court did acknowledge the requirement of an independent finding under <u>Dunnigan</u>, and also proceeded to make such an independent finding. On the issue of the petitioner's trial testimony, this Court found as follows:

> I think that the two level enhancement for obstruction of justice is appropriate. I believe the-unfortunately, the defendant willfully provided false testimony under oath. I am looking at this in terms of the test under <u>United

14

> States versus Dunnigan, 507 U.S. 87, 1983, case, which is, I believe, still the law with regard to this application.
>
> I do not believe that Mr. Dyson's testimony was due to any confusion or mistake or faulty memory. I think he, basically, and expressly testified, as the government has indicated, that all of the other witnesses were lying and he isn't lying and I think the jury considered that testimony and rejected it. And I find, unfortunately, that I must reject that position, as well.

ECF No. 342 *20.

Accordingly, the petitioner's objections as to the application of the U.S.S.G. § 3C1.1 enhancement to his sentence is overruled.

## IV. Conclusion

For the reasons stated above, the report and recommendation of the magistrate judge is AFFIRMED and ADOPTED IN ITS ENTIRETY. Accordingly, the petitioner's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is DENIED. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this judgment order.

This Court finds that it is inappropriate to issue a certificate of appealability in this matter. Specifically, the Court finds that the petitioner has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C.

§ 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Upon review of the record, this Court finds that the petitioner has not made the requisite showing. Accordingly, the petitioner is DENIED a certificate of appealability.

The petitioner may, however, request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the pro se petitioner by certified mail, and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: June 3, 2013

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE