**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**MICHAEL CASSANOVA DYSON,**

>   **Petitioner,**

**v.**                                                    **Civil Action No. 5:16cv117**
                                                         **Criminal Action No. 5:09cr21-6**
                                                         **(Judge Stamp)**

**UNITED STATES OF AMERICA,**

>   **Respondent.**

**REPORT AND RECOMMENDATION**

**I. Introduction[1]**

On July 21, 2016, Michael Cassanova Dyson, the *pro se* Petitioner, an inmate incarcerated at FPC Duluth in Duluth, Minnesota, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. ECF No. 663. Pursuant to a Notice of Deficient Pleading, on August 2, 2016, Petitioner re-filed his motion on a court-approved form. ECF No. 667. By Order entered October 4, 2016, the Respondent was directed to file an answer on the limited issue of whether Petitioner was entitled to equitable tolling of his untimely § 2255 motion. ECF No. 668. On October 19, 2016, the Government filed its Response. ECF No. 670.

**II. Facts**

**A. Conviction and Sentence**

Following a 2009 Ohio Valley Drug Task Force and Drug Enforcement Administration joint investigation of a cocaine base distribution network in Wheeling, West Virginia, Petitioner was named in a June 2, 2009 superseding indictment [ECF No. 27] and later in a second

---

[1] Unless otherwise indicated, all ECF numbers in this Report and Recommendation will refer to Criminal Action No. 5:09cr21-6.

superseding indictment in Count One for conspiring to distribute fifty (50) or more grams of cocaine base in violation of 21 U.S.C. §§ 841(b)(1)(A), 846, and in Count Two for aiding and abetting in the distribution of cocaine base within 1,000 feet of a protected location in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 860 and 18 U.S.C. § 2. ECF No. 96.

Prior to proceeding to trial, Petitioner was offered two plea agreements and declined to accept either. At trial, Petitioner stated he was not guilty of the charged crimes [ECF No. 341, Trial Tr. at 407 - 08]; denied knowing T.J. Kunik, who he was accused of aiding and abetting; and denied meeting Mike Masciarelli, Bill Wiley, Frank Miller and Johnell Adams, each of whom testified to having been involved with Petitioner in activities surrounding the cocaine base distribution conspiracy. Id. at 434. At the conclusion of trial, Petitioner was found guilty on both counts. Id. at 512.

A Pre-Sentence Investigation Report ("PSR") was prepared; Petitioner's attorney filed fourteen objections to it, focusing on Petitioner's renewed claims of his innocence.  At his March 15, 2010 sentencing hearing, when asked if he had gone over the objections with his attorney, Dyson indicated that he had, and that he agreed with the objections. ECF No. 342, Sent. Hr'g Tr. 3 - 4.  Dyson was sentenced to 262 months imprisonment,[2] five years of supervised release, and a $100 special assessment fee on Count One and 240 months on Count Two, to be served concurrently, in addition to six years of supervised release and a $100 special assessment fee. ECF No. 321. His sentence reflected a two-level enhancement for obstruction of justice for giving false trial testimony. ECF No. 342, Sent. Hr'g Tr. at 19.

**B.  Appeal**

---

[2] Dyson's sentence was later reduced to 210 months, effective November 2, 2015, pursuant to U.S.S.G. Amendment 782.  Per the Bureau of Prisons' online Inmate Locator, Dyson is 46 years old and has a project release date of February 17, 2025.

Petitioner filed a notice of appeal on March 16, 2010. ECF No. 325. On appeal, Dyson asserted claims of ineffective assistance of counsel, arguing that if the terms of the plea agreements had been properly explained to him, he would have accepted a plea agreement rather than proceeding to trial. See United States v. Dyson, 401 F. App'x. 791 (4th Cir. 2010) (unpublished).  Petitioner's conviction and sentence were affirmed on appeal on November 23, 2010.  Id.  Dyson did not petition the United States Supreme Court for a writ of *certiorari*.

## C. Federal Habeas Corpus, Motions for Sentence Reduction, Other Collateral Attacks

### 1) First § 2255

Petitioner's first § 2255 motion was filed on February 2, 2011. ECF No. 350.  In it, Petitioner raised some 38 claims of counsel's ineffectiveness. On October 13, 2011, a Report and Recommendation ("R&R") was issued by Magistrate Judge James E. Seibert.  ECF No. 409.  By Memorandum Opinion and Order Affirming and Adopting Report and Recommendation of Magistrate Judge, entered on June 3, 2013, the R&R was adopted and the motion to vacate was dismissed.  ECF No. 523. Petitioner appealed.   By unpublished *per curiam* opinion issued on October 21, 2013 in Case No. 13-6957, the Fourth Circuit Court of Appeals dismissed the appeal. ECF No. 558. On December 24, 2013, the Fourth Circuit denied Dyson's petition for rehearing *en banc.*

### 2) Motion to Reduce Sentence Under 18 U.S.C. § 3582 (c)(2)

On January 6, 2012, Dyson filed an emergency 18 U.S.C. § 3582 (c)(2) motion for sentence reduction pursuant to Amendment 750 of the U.S.S.G. manual (2011). ECF No. 431. By Order entered January 17, 2012, the motion was denied. ECF No. 441.  Dyson appealed. ECF No. 450.  By unpublished *per curiam* opinion issued on March 15, 2013 in Case No. 12-6318, the appeal was dismissed as untimely filed.  ECF No. 507.

**3) Federal Rule Civil Procedure 60(b) Motion for Relief from Judgment**

On July 30, 2013, Dyson filed a Fed.R.Civ.P. 60(b) motion, arguing that regardless of whether the government sufficiently supported the drug relevant conduct attributable to him at sentencing, the court's findings regarding the same were improper under Alleyne v. United States, 133 S. Ct. 2151 (2013). ECF No. 539. By Memorandum Opinion and Order entered August 26, 2013, the Rule 60(b) motion was denied. ECF No. 546.  Dyson filed a reply. ECF No. 547.  By Order entered September 6, 2013, Dyson's reply was denied.  ECF No. 549.  Dyson filed a notice of appeal.  ECF No. 550.  On January 24, 2014, by *per curiam* opinion entered in Case No. 13-7452, the Fourth Circuit Court of Appeals denied a certificate of appealability and dismissed the appeal, noting that this court lacked jurisdiction to deny the Rule 60(b) motion on its merits, because Dyson's claim challenged the validity of his sentence, and thus, the motion should have been construed as a successive § 2255 motion.  ECF No. 565. On March 31, 2014, the Fourth Circuit denied Dyson's petition for rehearing. On October 6, 2014, the United States Supreme Court denied Dyson's petition for writ of *certiorari*.

**4) Motion to Reduce Sentence Under 18 U.S.C. § 3582 (c)(2)**

On September 24, 2015, Dyson filed another 18 U.S.C. 3582(c)(2) motion to reduce his sentence pursuant to Amendment 750 to the U.S. Sentencing Guidelines Manual (2011). ECF No. 600. By Order entered September 29, 2015, the motion was denied.  ECF No. 602.  Dyson appealed.  By unpublished *per curiam* opinion issued in Case No. 15-7647 on January 20, 2016, the Fourth Circuit Court of Appeals affirmed. ECF No. 627.

**5) First § 2244 Motion**

On March 14, 2016, in Case No. 16-237 in the Fourth Circuit Court of Appeals, Petitioner filed his first § 2244 motion.  ECF No. 636.  In that motion, Dyson claimed

4

entitlement to relief pursuant to <u>Montgomery v. Louisiana</u>, 136 S. Ct. 718 (2016).  By Order issued April 1, 2016 in Case No. 16-237, the Fourth Circuit denied the motion.  ECF No. 637.

**6) <u>Second § 2244 Motion</u>**

On May 18, 2016, in Case No. 16-827, Dyson filed his second § 2244 motion in the Fourth Circuit Court of Appeals; in it, he claimed entitlement to relief under <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015).  By Order entered June 10, 2016, the Fourth Circuit denied the motion, noting that <u>Johnson</u> was inapplicable to Dyson's case because Dyson had no prior felony convictions, was not sentenced under the ACCA, and thus, his sentencing guideline range was not affected by any prior conviction. ECF No. 653.

**7) <u>Second and Instant § 2255</u>**

**a) <u>The Motion to Vacate</u>**

In the instant motion, originally filed on July 21, 2016, and then filed on a court-approved form on August 2, 2016, Dyson raises one claim, challenging this court's failure to apply a "minor role" reduction. ECF No. 667 at 5. He explains that he could not raise this issue before because it is new law, i.e., Amendment 782 to the U.S.S.G., which "became effective in November 2014 and this § 3B1.2 "minor role" just became effective only a couple of weeks ago." <u>Id.</u>   Further, he insists that he "had absolutely nothing to do with this criminal activity." <u>Id.</u> at 6.

As relief, he asks that his sentence be reduced in accordance with "the newly amended 3B1.2 [sic]." <u>Id.</u> at 15.

**b) <u>Government's Limited Response on Issue of Equitable Tolling</u>**

The United States asserts that Dyson is not entitled to equitable tolling, because despite his claim that Amendment 782 of the U.S.S.G. is "new law," Amendment 782 took effect on

November 1, 2014, and had nothing to do with the U.S.S.G. § 3B1.2 "minor role" reduction. ECF No. 670 at 2.  Instead, Amendment 782 dealt with a 2-level reduction "across the board" for most drug guideline calculations made under U.S.S.G. § 2D1.1.  Id. at 2 – 3. However, it did delay any the enactment of any sentence reductions afforded by it until November 1, 2015.  Id. at 3. Nonetheless, because Amendment 782 has no effect on consideration of a minor role, it provides no basis for equitable tolling. Id.  Further, the Government notes, while Dyson cites to Amendment 782, his "Ground One" language actually comes from Amendment 794, effective date November 1, 2015, which added language under Application Note 3(c) to U.S.S.G. § 3B1.2, explaining factual issues for consideration of the application of the minor role.  Id.  While the language itself is new, it establishes no new right for a role reduction that did not already exist at the time Dyson was convicted.  Id.  The minor role reduction is not "new" law; it has existed in some fashion since the USSG were adopted in 1987.  Id.  Therefore, Amendment 794 provides no basis for equitable tolling, either. Id.

Finally, the United States notes that despite Dyson's claim that he should have received a minor role reduction, he provides no factual basis to prove any entitlement to the same; to the contrary, he continues to insist that the jury, this court, and the Fourth Circuit "got it all wrong," and that he is innocent, because he had nothing to do with the crime.[3] Id.

**8) Third § 2244 Motion**

On June 5, 2017, while the instant § 2255 motion was still pending, Dyson filed his third § 2244 motion as Case No. 17-265 in the Fourth Circuit Court of Appeals.  In his motion, he argued that 1) he was convicted and sentenced based on "non-existent" 21 U.S.C. § 846 &

---

[3] The United States further notes that while it requested no role enhancement, Probation did note that Dyson had recruited at least one individual to the conspiracy, and that Dyson had control over the drugs as a main source of supply, and thus could have been subject to a role upward. ECF No. 670 at 3; see also PSR, ¶ 51 at 13.

841(b)(1)(A) offenses and 2) upon the vacating of his present conviction and sentence, the maximum permissible authorized sentence the court could impose on the new 21 U.S.C. 841(b)(1)(C) 20-year class C felony using 18 U.S.C. 3553(a)(2) provisions is the 12-year maximum authorized by 18 U.S.C. § 3581(b)(3), because a sentence imposed pursuant to the § 3553(a)(2) provisions based on judge-found facts greater than that authorized by § 3581(b)(3) would violate Apprendi v. New Jersey, 530 U.S. 466 (2000).  By Order entered July 5, 2017, the Fourth Circuit Court of Appeals denied the motion.  ECF No. 676.

**9) Fourth § 2244 Motion**

On April 23, 2018, Dyson filed his fourth § 2244 motion in the Fourth Circuit Court of Appeals as Case No. 18-193, seeking relief under Nelson v Colorado, 137 S.Ct. 1249 (2017), arguing that Nelson narrowed the scope of 18 U.S.C. § 3661 and imposed constitutional imitations on the reach of relevant conduct under U.S.S.G. 1B1.3, by effectively overruling its prior precedent in United States v. Watts, 519 US 148 (1997).  To date, that motion is still pending.

**D.  Recommendation**

Based upon a review of the record, the undersigned recommends that Petitioner's § 2255 motion be denied and dismissed from the docket because Petitioner's claims lack merit; do not raise a new issue of constitutional law; provide no basis for equitable tolling; and his untimely-filed § 2255 motion is an unauthorized second and successive petition.

## III. Analysis

**A. Petitioner's Burden of Proof**

"A petitioner collaterally attacking his sentence or conviction bears the burden of proving his sentence or conviction was imposed in violation of the Constitution or laws of the United

States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255. A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. United States of America, No. 2:02CR65, 2006 WL 36859, at *2 (E.D. Va. Jan. 4, 2006).

## B. Second and Successive § 2255 Motions

Pursuant to 28 U.S.C. §§ 2244, 2255, the appropriate court of appeals may authorize the filing of a second or successive § 2255 motion if the Defendant makes a *prima facie* showing that said motion contains

> C. newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> D. a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); see 28 U.S.C. § 2244(b)(3). Although *a prima facie* showing indicates that the second or successive may have merit "warrant[ing] a fuller exploration by the district court," Cooper v. Woodford, 358 F.3d 1117, 1119 (9th Cir. 2004) (emphasis added), a district court is required to dismiss any claim presented in said motion "unless the applicant shows that the claim satisfies the requirements of this section." 28 U.S.C. § 2244(b)(4) (emphasis added).

> The term "satisfies the requirements of this section" refers to the incorporation of the procedures for the filing of a second or successive habeas petition pursuant to 28 U.S.C. § 2244 into section 2255. Thus, to "satisfy the requirements of this section" pursuant to section 2244 as incorporated into section 2255(h), a Petitioner is required to plead facts that show either:
>
> > "(1) newly discovered evidence that, if proven and viewed in light *of the evidence as a whole*, would be sufficient to establish by clear

> and convincing evidence that no reasonable factfinder would have
> found the movant guilty of the offense; *or*
> (2) a new rule of constitutional law, made retroactive to cases on
> collateral review [b]y the Supreme Court, that was previously
> unavailable."

United States v. Quiroz-Montejano, No. 1:99cr05060–AWI, 2015 WL 5092699, at \*2–3 (E.D.

Cal. Aug. 28, 2015) (emphasis in original) (quoting United States v. Villa–Gonzalez, 208 F.3d

1160, 1164 (9th Cir. 2000) (quoting 28 U.S.C. § 2255)).

Although section 2244(b)(4) does not elaborate on what is required to make this

showing, the undersigned finds Quiroz-Montejano persuasive and likewise concludes "that

the prisoner must make more than another *prima facie* showing." Quiroz-Montejano,

2015 WL 5092699, at \*3 (quoting Villa–Gonzalez, 208 F.3d at 1165). Accordingly, the

undersigned further concludes "that under section 2244(b)(4), a district court must conduct a

thorough review of all allegations and evidence presented by the prisoner to determine whether

the motion meets the statutory requirements for the filing of a second or successive motion." Id.

(quoting same).

In addition, collateral motions for relief under § 2255 are subject to a one-year statute of

limitations set forth by the Antiterrorism and Effective Death Penalty Act ("AEDPA").

Specifically, subsection 2255(f) provides that the one-year limitation shall run from the latest of:

> (3) the date on which the right asserted was initially recognized by the Supreme
> Court, if that right has been newly recognized by the Supreme Court and made
> retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could
> have been discovered through the exercise of due diligence.

see also In re Vassell, 751 F.3d 267, 268 (4th Cir. 2014) (denying authorization to file

successive petition for collateral review because it would be time barred by the one-year statute

of limitations).

Here, the undersigned agrees with the Government that Dyson's untimely-filed claim provides no basis for equitable tolling.  While Amendment 782 took effect in on November 1, 2014, and began affording relief to those eligible under it on November 1, 2015, some seven and a half months before Dyson filed his unauthorized second and successive petition, Amendment 782 of the U.S.S.G. had nothing whatsoever to do with the minor role sentence reduction that Dyson, without providing *any* factual grounds in support, argues that he should have received. Further, Amendment 794, which became effective on November 1, 2015, while it did add language to Application Note 3(c) to U.S.S.G. § 3B1.2, regarding factual issues for consideration in applying the minor role, established no new right for a minor role reduction that did not already exist when Dyson was convicted. Thus, despite Dyson's arguments to the contrary, even if he were eligible for it, there is no "new law" available regarding minor role reduction. Finally, Dyson's claim that he should have received a minor role reduction contradicts his simultaneous claim that he is completely innocent and had nothing to do with the crime. "One who claims his total innocence is not providing any argument for this Court to find his entitlement to a minor role reduction." See ECF No. 670 at 3.

Accordingly, Dyson has failed to plead facts that show either newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense, or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. United States v. Quiroz-Montejano, *supra*  at *2–3.

Dyson has filed an unauthorized second and successive petition.  Pursuant to 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A), "[b]efore a second or successive application permitted by this

section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Dyson has failed to satisfy this procedural requirement, and thus his § 2255 motion must be dismissed.

## IV. Recommendation

For the foregoing reasons, the undersigned recommends that Petitioner's § 2255 motion [ECF No. 663, 667] be **DENIED** and dismissed from the docket.

 **Within fourteen (14) days** after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the United States District Judge. **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation**. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to transmit a copy electronically to all counsel of record.

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

DATE: May 17, 2018

/s/ *Michael John Aloi*
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE